# United States Court of Appeals
## For the First Circuit

No. 06-2151

VERIZON NEW ENGLAND, INC.,

Plaintiff, Appellant,

v.

MAINE PUBLIC UTILITIES COMMISSION; STEPHEN L. DIAMOND, in his official capacity
as Commissioner of the Maine Public Utilities Commission; SHARON M. REISHUS, in her
official capacity as Commissioner of the Maine Public Utilities Commission; KURT W.
ADAMS, in his official capacity as Commissioner of the Maine Public Utilities Commission,

Defendants, Appellees.

Before
Boudin, Chief Judge,
Lynch and Lipez, Circuit Judges.

**ORDER ON REHEARING**
**Entered: November 20, 2007**

Verizon New England has petitioned for rehearing in No. 06-2151, one of the two

cases addressed in our single decision of September 6, 2007. Verizon asks that we alter our judgment

to delete our direction to the district court to make a primary jurisdiction referral to the FCC. Verizon

proposes instead that the district court decision be vacated with directions to vacate the Maine PUC

orders, leaving the Maine PUC free (as it perhaps already is) to consider any claims relating to the

GWI agreement that depend solely on contract.

Verizon's main claim is that our decision has already determined that the Maine PUC

has no authority under federal law to enforce section 271 because (as our decision explained) section

271 is a grant of authority to the FCC and, unlike sections 251-52, does not provide any express role for the states beyond making recommendations to the FCC to be used in determining whether to grant section 271 applications. Verizon is correct that the Maine PUC cannot rely on section 271 as a grant of authority to it to implement that provision.

However, the district court said that Maine law allowed the state agency to enforce requirements established by section 271. We held that even if this were so (which we did not decide), the Maine PUC could not adopt requirements (like altered definitions of required elements or a pricing scheme at odds with that prescribed by the FCC) that would place the state commission in direct conflict with overriding federal agency determinations. Whether Maine law provides the Maine PUC with the authority to act to require Verizon's compliance with federal requirements in a matter that may affect state interests is an issue that was not briefed by Verizon or decided by us.

Perhaps the Maine PUC lacks state law authority to require a carrier to provide elements consistent with federal standards; or perhaps the threat of state-by-state enforcement threatens inconsistencies so dangerous that a form of "field" preemption is required to protect federal interests, rather than merely a ban on state orders that conflict with FCC determinations. But Verizon developed neither argument in its earlier briefs. Even in its petition for rehearing it attempts neither argument.

So Verizon is wrong in saying that there is "nothing for the district court to do" beyond vacating the Maine PUC orders: Verizon and the Maine PUC disagree as to whether certain disputed elements are required by section 271; and only the FCC can provide a definitive resolution of these technical issues which our decision did not resolve. Verizon says that any decision reached

by the FCC would be reviewable directly in a circuit court, 28 U.S.C. § 2342 (2000), but this does not preclude the reference by the district court. AT&T v. FCC, 551 F.2d 1287 (D.C. Cir. 1977).

Verizon briefly suggests that the Maine PUC lacks standing to seek the FCC's specification of the elements prescribed under section 271; Verizon suggests that only a competing carrier deprived of required elements could make such a request. This argument was not made in Verizon's briefs; it is not developed in its petition; and it is far from self-evident, given that the facilities are used in common for intrastate as well as interstate communication.

Verizon also argues that it could be prejudiced because, during the FCC reference, it might be subject to the Maine PUC's outstanding order that it provide the elements in dispute between the parties. But the district court's refusal to stay the Maine PUC order during the district court litigation must be reexamined because the court rested importantly on the premise that the Maine PUC had authority to order elements beyond those required by section 271 and a pricing scheme rejected by the FCC--a premise that our decision has disapproved.

Whether interim provision of disputed elements should be continued or re-implemented, and if so on what terms and conditions, is a matter for the district court in the first instance. A central issue is whether the Maine PUC is likely to prevail in the FCC proceeding. Verizon is also be free to pursue in the district court its standing and state authority arguments--absent which we would expect the district court to retain jurisdiction and seek a prompt answer from the FCC on the merits.

The petition for rehearing is denied.  The mandate shall issue forthwith.

By the Court:

/s/

Richard Cushing Donovan, Clerk

[Certified copies to Hon. Gene Carter, Hon. Paul J. Barbadoro, Mr. William Brownell, Clerk, United States District Court for the District of Maine and Mr. James Starr, Clerk, United States District Court for the District of New Hampshire. Copies to Ms. Connors, Mr. Boecke, Mr. Angstreich, Ms. Dunbar, Mr. Hewitt, Mr. Beausejour, Ms. Bragdon, Ms. Hagler, Mr. Samp, Mr. Blau, Mr. Rosenzweig, Mr. Bobeck, Mr. Nosal, Mr. Donovan, Mr. Livernois & Mr. DelVecchio.]